UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,  Plaintiff,  v.  KEVYN TAYLOR,  Defendant. | Case No. 08-cr-30061-JPG |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Kevyn Taylor's sealed motion for a reduction of his criminal sentence following the retroactive application of the Fair Sentencing Act of 2010, Pub. L. 111-220; §§ 2-3, 124 Stat. 2372, 2372 (2010), as set forth in the First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018) (Doc. 155). The Government has responded to the motion (Docs. 157 & 175). Taylor has also requested an update on the status of his motion (Doc. 176).

In June 2009, a jury found Taylor guilty of conspiracy to distribute more than 50 grams of crack cocaine (Count 1), distribution of more than 50 grams of crack cocaine (Count 2), possession with intent to distribute an unspecified amount of cocaine (Count 3), possession of a firearm in furtherance of a drug trafficking crime (Count 4), and possession a firearm as a felon (Count 5). The statutory sentencing range for Counts 1 and 2 was 10 years to life pursuant to 21 U.S.C. § 841(b)(1)(A)(iii) and for Count 3 was no more than twenty years pursuant to 21 U.S.C. § 841(b)(1)(C).[1]

---

[1] The penalties for Counts 4 and 5 are not relevant to the pending motion except to the extent Count 5 was grouped with Counts 1, 2, and 3 for guideline purpose. Count 4 resulted in a 60-month sentence consecutive to the sentences discussed in this order. All are part of the same sentencing package.

At sentencing, the Court adopted the presentence investigation report's relevant conduct finding of 396.7 grams of powder cocaine, 837 grams of crack cocaine, and 227 kilograms of marihuana. Under the 2008 version of the sentencing guidelines, this relevant conduct converted to 17,046 kilograms of marihuana equivalent. Under U.S.S.G. § 2D1.1 (2008), this resulted in a base offense level of 34. His offense level was increased by 2 points under U.S.S.G. § 3C1.1 because he obstructed justice by committing perjury during his trial. This established a total offense level of 36 which, considering the defendant's criminal history category of I, yielded a sentencing range for Counts 1, 2, 3, and 5 of 188 to 235 months in prison. The Court imposed a sentence of 180 months on Counts 1, 2, and 3, and 120 months (the statutory maximum) on Count 5, all to run concurrently with each other, plus a 60-month consecutive sentence on Count 4, for a total sentence of 240 months. The 180-month sentence on Counts 1, 2, and 3 was approximately 4% below the low end of the guideline range for those counts.

In May 2016, the Court reduced the defendant's sentence on Counts 1, 2, and 3 to 151 months following retroactive changes to the sentencing guidelines that changed his base offense level to 32 and his guideline range to 151 to 188 months. The total sentence, including all counts, was therefore reduced to 211 months. It appears the Bureau of Prisons released Taylor to home confinement on May 27, 2020.

The defendant now asks the Court to reduce his sentence in light of § 404 of the First Step Act.[2] Section 404 allows the Court to reduce a defendant's sentence for a crack cocaine

---

[2] Section 404 of the First Step Act provides in full:

    (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered

offense, but only if the Court had imposed that sentence before another statute—the Fair Sentencing Act—modified the statutory sentencing range for that crack cocaine offense. First Step Act, § 404(b). In essence, the First Step Act retroactively applies the Fair Sentencing Act's lower statutory sentencing ranges and allows the Court to bring past sentences into line with the lower ranges. The authority to reduce a sentence applies only to (1) federal offenses (2) committed before August 3, 2010, the effective date of the Fair Sentencing Act, (3) for which the Fair Sentencing Act changed the statutory penalty range, *i.e.*, certain crack cocaine offenses. *See* First Step Act, § 404(a). Whether to reduce a sentence is at the discretion of the Court and is not required by the First Step Act. First Step Act, § 404(c). In sum, the Court now may, but is not required to, reduce a defendant's sentence if the defendant was sentenced under a statutory penalty provision that was changed by the Fair Sentencing Act. *See United States v. Shaw*, 957

---

offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

F.3d 734, 739 (7th Cir. 2020) (holding that the statute of conviction alone determines whether the Fair Sentencing Act modified a penalty).  Where another non-covered offense is part of an aggregate sentencing package dependent on a covered offense, the Court may reduce that component of the package as well.  *United States v. Hudson*, 967 F.3d 605, 612 (7th Cir. 2020).

The parties agree that the defendant is eligible for a sentence reduction under the First Step Act.  His conviction is the type of conviction covered by § 404 of the First Step Act.  He committed the federal offense before August 3, 2010, and the Fair Sentencing Act modified the statutory sentencing range set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and, indirectly, the range set forth in 21 U.S.C. § 841(b)(1)(C), under which he was sentenced.  Because the Fair Sentencing Act modified the penalties for the statute under which the defendant was sentenced, his offenses qualify as covered offenses under the First Step Act.  *See Shaw*, 957 F.3d at 739.  Thus, the defendant is eligible for reduction under the First Step Act, subject to the Court's discretion.

In support of a sentence of time served, Taylor suggests there was something wrong with sentencing him based on the Court's, rather than a jury's, relevant conduct finding, and that there was no indication of the standard of proof applied for that finding.  He urges the Court to consider that his relevant conduct actually included less than 837 grams of crack cocaine so his base offense level should be 30 and his guideline sentencing range 121 to 151 months plus an adjustment for "good time."  He notes that he has served approximately 131 months in prison with no disciplinary infractions.  In prison, he completed high school, took some college courses, and numerous educational or vocational programs, one of which resulted in his learning two trades and earning numerous certifications.  He has also made positive changes to his life since his conviction.

On the other hand, the Government urges the Court to use its discretion to deny the defendant a reduction despite his eligibility for one. It notes that, even after application of the Fair Sentencing Act, Taylor's guideline range would be exactly as it was when the Court reduced his sentence in 2016. Alternatively, it argues that if the Court reduces Taylor's sentence, it reduced it to a sentence proportionally lower that the new guideline range to the same extent as the old guideline range. It proposes that the new guideline range should include all the relevant conduct, not just the crack cocaine, which would result in a total offense level of 34 and the same guideline range found by the Court in 2016—151 to 188 months.

As a preliminary matter, the Court declines to conduct a plenary resentencing hearing as such a proceeding is not required by the First Step Act. *United States v. Hegwood*, 934 F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019); *see United States v. Corner*, 967 F.3d 662, 665 (7th Cir. 2020) (*per curiam*; "Courts generally agree that plenary sentencing is not required. . . ."); *United States v. Cooper*, 803 F. App'x 33, 35 (7th Cir. 2020) (declining to find plain error in not holding plenary resentencing hearing, noting that "nothing in § 404 plainly requires the district court to hold any sort of hearing at all"). Furthermore, to the extent the Court might have discretion to hold a hearing, it declines to do so as the arguments are already well-articulated in the record.

As recommended by the United States Court of Appeals for the Seventh Circuit in *Shaw*, 957 F.3d at 734, 741-42, the Court considers the defendant's pre-sentence and post-sentence conduct, including but not limited to the relevant factors in 18 U.S.C. § 3553(a), in deciding how to exercise its discretion in response to the defendant's request. Also, although it is not bound to give any reduction based on current statutes, guidelines, or sentencing law, those factors are

5

relevant to its consideration of how to exercise its discretion.  *Corner*, 967 F.3d at 665; *Hudson*, 967 F.3d at 612 (citing *Shaw*, 957 F.3d at 741-42).

The Court is not required to change Taylor's relevant conduct if it made an error at sentencing as it would have to do in a plenary resentencing, but it agrees with Taylor that it is a factor the Court may consider in the exercise of its discretion.  *See Hudson*, 967 F.3d at 612.  However, other than bald statements that the Court erred, Taylor has pointed to no error in the Court's relevant conduct finding, and the Court has reviewed it independently and has found no error in its original calculation.  *See United States v. Taylor*, 637 F.3d 812 (7th Cir. 2011) (affirming Taylor's sentence).  Additionally, it is well-established that it is not unconstitutional for the Court to find relevant conduct by a preponderance of the evidence, as it did in this case, for use in an advisory sentencing guideline scheme.  *See United States v. Robinson*, 435 F.3d 699, 701 (7th Cir. 2006).  The Court correctly calculated Taylor's guideline sentencing range as it existed at the time of sentencing based on adequate relevant conduct findings.  Thus, Taylor's arguments calling into question the relevant conduct finding do not support a reduction under the First Step Act.

With all prior findings the same, had the defendant been convicted today of conspiring to distribute and of distributing more than 50 grams of crack cocaine (Counts 1 and 2) and of possession with intent to distribute cocaine (Count 3), he would have been subject to a statutory sentencing range of 5 to 40 years in prison and no less than 4 years of supervised release on Counts 1 and 2 under 21 U.S.C. § 841(b)(1)(B)(iii) and of no more than 20 years in prison and no less than 3 years of supervised release on Count 3 under 21 U.S.C. § 841(b)(1)(C).  Based on

an amended relevant conduct calculation,[3] his base offense level under the amended guidelines would have been 32 and his total offense level 34. With a criminal history category of I, his guideline range would have been the same as it was when the Court exercised its discretion to reduce his sentence in 2016: 151 to 188 months. His current sentence of 151 months on Counts 1, 2, and 3 are within this guideline range and the Fair Sentencing Act's applicable statutory ranges. This is an appropriate framework in which to consider a sentence reduction under the First Step Act.

Its prior consideration of the § 3553(a) factors explained at sentencing remains valid. As for the defendant's post sentencing conduct, it shows that his punishment has served some of the purposes of sentencing: promoting respect for the law, deterring future rule violations, and proving necessary rehabilitative services. The Court notes, however, that Taylor has already been placed on home confinement and is being monitored and supervised by the Probation Office for the Bureau of Prisons ("BOP"). If everything continues smoothly, he will remain on home confinement until his release date, now scheduled for July 2024. The Court believes there is no need to reduce his sentence of imprisonment at this time because he is already essentially living the life he would be living if he were released from BOP custody and placed on supervised release. As for the length of his supervised release term, the Court would like to see how Taylor performs on home confinement before deciding whether to decrease his term of supervised release. Should he perform well on home confinement and for the first year of his supervised

---

[3] Considering guideline amendments to the converted drug weight ("CDW") conversion factor (the successor to the notion of marihuana equivalent as a tool to aggregate different types of drugs, *see* U.S.S.G. Amendment 808) for crack cocaine, Taylor's current relevant conduct would be approximately 3,295 kilograms in CDW. *See* U.S.S.G. § 2D1.1 n. 8(d) (2018) (finding 1 gram of crack cocaine equivalent to 3,571 kilograms in CDW).

release, he may then petition the Court for early termination of supervised release pursuant to 18 U.S.C. § 3583(e), reminding the Court at that point of this order. The Court will then take into consideration that his original term of supervised release exceeded the advisory guideline range.

For the foregoing reasons, the Court **DENIES** the defendant's motion for a sentence reduction pursuant to the First Step Act's retroactive application of the Fair Sentencing Act (Doc. 155). This ruling renders **MOOT** the defendant's motion for status (Doc. 176).

**IT IS SO ORDERED.**
**DATED:   September 28, 2020**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **DISTRICT JUDGE**